UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN SIDES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03-2118 |
| ) | |
| CITY OF CHAMPAIGN, a municipal ) | |
| corporation, FREDRICK STAVINS, City ) | |
| Attorney, RHONDA OLDS, Assistant ) | |
| City Attorney, RANDALL CUNNINGHAM, ) | |
| Champaign Police Officer, JOSEPH KETCHEM, ) | |
| Champaign Police Officer, and COLBY OLESON, ) | |
| Champaign Police Officer, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On September 1, 2005, the parties filed cross motions for summary judgment [#81, #83]. The day after the long Labor Day weekend, the plaintiff filed a number of exhibits in support of his motion [#86, #87, #88, #89, #90, #91, #92, #93].[1] The defendants filed a motion to strike those exhibits as untimely [#96]. On September 14, 2005, the court denied the defendants' motion to strike the plaintiff's exhibits.

Later on September 14, 2005, the plaintiff filed yet another exhibit in support of his motion for summary judgment [#98]. Nothing in the court's September 14, 2005 order suggests the plaintiff had leave to continue to file exhibits to support his motion.

Furthermore, the exhibit submitted on September 14, 2005 is the plaintiff's own affidavit. Even if the court were inclined to allow exhibits to be filed in piecemeal fashion well past the motion filing date, the court is not inclined to do so in this instance. The notarized document bears a date of September 1, 2005. The circumstances do not suggest any legitimate reason for untimely filing of the plaintiff's own affidavit. The defendants have filed a motion to strike the affidavit because it is legally inadequate. The motion to strike [#101] is granted; the exhibit [#98] is stricken. Since document #108 is a repetition and extension of the information (and inadequacies) contained in #98, #108 is also stricken.

---

[1] Section V of the Administrative Procedures for Electronic Filing requires exhibits to be filed as attachments to the motion, when the motion is filed.

Sides has filed a motion to strike Exhibit F in support of the defendants' motion for summary judgment. In support of his motion, Sides attaches documentation to show that the defendants agreed to remove certain information from the transcript of Sides' deposition. The documentation shows that on August 16, 2005, the defendants agreed to sign a stipulation to keep Sides' prescription medications confidential. Sides argues that the defendants thereafter failed to sign the stipulation. As a result, no stipulation was filed with the court, and Sides now wishes to hold the defendants to the agreement. Sides does not explain to the court why he failed to follow up on this matter before the dispositive motion deadline. In fact, Sides did not file his motion to strike until sixteen days after the deposition was electronically filed. The motion to strike [#99] is denied.

Sides has filed a second motion to strike the defendants' motion for summary judgment as previously denied [#100]. In support, Sides claims that some of the defendants' arguments were raised earlier in support of a motion to dismiss [#60], which, according to Sides, was actually a motion for summary judgment, making this motion for summary judgment a "successive motion for summary judgment" which the court must deny. The court disagrees. The court did not rule on the merits of the motion to dismiss but noted that the close of discovery was rapidly approaching. In denying the motion to dismiss, the court stated that if the defendants believed the plaintiff could not prevail on any claim raised in the first amended complaint, the court would welcome a well-supported and timely-filed motion for summary judgment. They have now done so. The motion to strike the motion for summary judgment as previously denied [#100] is denied.

The defendants have filed a motion to strike the plaintiff's undisputed facts portion from his motion for summary judgment [#104]. They argue that the plaintiff has failed to cite to the relevant supporting documents as required by the local rules. Because the defendants were able to fashion an adequate response to the motion without the required citation, the motion [#104] is denied.

The parties have filed their responses to the motions for summary judgment. The Local Rules of this court allow the parties to file a reply to an opponent's response to a motion for summary judgment. The parties shall strictly adhere to the limitation of Local Rule 7.1(D)(3)(b). The court will strike any reply that goes beyond matters raised in the response, or restates arguments already raised in the party's motion. The parties shall not refile any documents (such as exhibits) that have previously been filed. If relevant, a party should direct the court to the previously filed document supporting the argument contained in its reply.

The parties have done their very best to try the court's patience by turning this case into a thicket of motions. Any further attempt to do so will be viewed most unfavorably. Other than reply memoranda and supporting documents, any party feeling the need to file *any* other motions, exhibits, attachments, or other documents should carefully review the provisions of Federal Rule of Civil Procedure 11(b)(1) before doing so.

## CONCLUSION

The defendants' motion to strike [#101] is granted.  Document #98 is stricken, as is #108.  The plaintiff's motions to strike [#99, #100] are denied, as is the defendants' motion to strike [#104].  The motion to bar the plaintiff's expert and the parties' cross-motions for summary judgment [#76, #81, #83] remain pending.

Entered this 28th day of September, 2005.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE